United States District Court
Southern District of Texas
**ENTERED**
July 30, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| M. ALI ZAKARIA | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-cv-01722 |
| | § | |
| STL INTERNATIONAL, INC. | § | |
| d/b/a TEETER | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Before the Court is STL International, Inc.'s ("Defendant's") Motion to Dismiss ("Motion") [Doc. # 8].  Plaintiff M. Ali Zakaria ("Plaintiff") has timely responded,[1] and Defendant replied.[2]  The Motion is ripe for decision.  Based on the parties' briefing, pertinent matters of record, and relevant legal authorities, the Court **grants in part and denies in part** Defendant's Motion.

## I.   BACKGROUND

The following factual summary is based on the allegations in Plaintiff's Original Petition [Doc. # 1-1].  On or about October 22, 2019, Plaintiff purchased a

---

[1]   Plaintiff M. Ali Zakaria's Opposition to Defendant's Motion to Dismiss [Doc. # 11] ("Plaintiff's Opposition").

[2]   Defendant STL International, Inc. D/B/A Teeter's Reply to Plaintiff's Response to Defendant's Motion to Dismiss [Doc. # 13] ("Defendant's Reply").

1

Teeter machine ("Teeter") designed and manufactured by Defendant.[3] Plaintiff purchased the Teeter after seeing a television advertisement.[4] Plaintiff alleges that the "advertisements and promotions made the product seem easy to use and seemed to provide a solution to an issue that had been plaguing Plaintiff for years," a "herniated disc in his back."[5] Plaintiff further alleges: "From the promotions and advertisements, the user of the product simply had to clamp his/her legs into cuffs and invert himself/herself upside down. The user would come back up, press a button on the lever to release the clamp, and come off the equipment."[6]

Plaintiff also alleges that "[o]n November 1, 2019, while using the [Teeter] for its proper and intended use, the mechanism/lever that enabled the leg cuffs to release Plaintiffs legs malfunctioned."[7] As a result of the alleged malfunction, Plaintiff "was left stuck on the machine for over two hours" and had to call the fire department, who ultimately had to "unscrew bolts and lugs to loosen the grip of the cuffs."[8] During this time, "the blood circulation to Plaintiff's legs was starting to

---

[3]    Plaintiff's Petition and Requests for Disclosure [Doc. # 1-1] ("Petition") ¶ 9.

[4]    *Id.* ¶¶ 8-9.

[5]    *Id.* ¶¶ 7-8.

[6]    *Id.* ¶ 8.

[7]    *Id.* ¶ 10.

[8]    *Id.* ¶ 11, 14.

decrease, not only causing a numbing paralysis, but also extreme pain and discomfort."[9]

Plaintiff filed suit in the 240th Judicial District Court in Fort Bend County, Texas on March 6, 2020.[10] Plaintiff brought the following claims against Defendant: (1) violations of the Texas Deceptive Trade Practices Act ("DTPA"), (2) fraud, (3) unjust enrichment, (4) negligence, and (5) products liability for defective design, manufacturing defect, assembly defect, and failure to warn.[11] On May 18, 2020, Defendant removed the case to federal court on the basis of diversity jurisdiction.[12] Defendant now moves to dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147. The complaint must,

---

[9] *Id.* ¶ 15.

[10] *See id.*

[11] *Id.* ¶¶ 17-41.

[12] *See* STL International, Inc. D/B/A Teeter's Notice of Removal [Doc. # 1].

however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012).

When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679. Rule 8 "generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

## III. DISCUSSION

### A. Claims for DTPA Violations

Plaintiff claims that Defendant violated the DTPA by engaging in false, misleading or deceptive acts and by breaching an express or implied warranty.[13] To state a claim for false statements, misrepresentation, or deceptive acts under the DTPA, a plaintiff must allege that: "(1) the plaintiff was a consumer; (2) the

---

[13] Petition ¶¶ 17-21.

defendant either engaged in false, misleading, or deceptive acts (i.e., violated a specific laundry-list provision of the DTPA) or engaged in an unconscionable action or course of action; and (3) the DTPA laundry-list violation or unconscionable action was a producing cause of the plaintiff's injury." *Ardoin v. Stryker Corp.*, No. 4:18-CV-2192, 2019 WL 4933600, at *6 (S.D. Tex. Oct. 7, 2019) (citing *Bus. Staffing, Inc. v. Jackson Hot Oil Serv.*, 401 S.W.3d 224, 236 (Tex. App.—El Paso 2012, pet. denied)).

A plaintiff may also assert a DTPA claim by alleging breach of an express or implied warranty. TEX. BUS. & COM. CODE § 17.50(a)(2). To state a claim for breach of a warranty under the DTPA, a plaintiff must allege that "(1) he or she is a consumer, (2) a warranty was made, (3) the warranty was breached, and (4) as a result of the breach, an injury resulted." *U.S. Tire–Tech, Inc. v. Boeran, B.V.*, 110 S.W.3d 194, 197 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). The DTPA does not define or create any warranties. *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 438 (Tex. 1995). Warranties actionable under the DTPA, both express and implied, must first be recognized by common law or created by statute. *Id.*

### 1.  DTPA Claim Based on Misrepresentation

Plaintiff's claims for violations of the DTPA through misrepresentations sound in fraud. *See* TEX. BUS. & COM. CODE § 17.50(a)(1)(A)-(B); *Ramirez v. Am. Home Products*, C.A. B-03-155, 2005 WL 2277518, at *10 (S.D. Tex. Sept. 16,

5

2005). Claims sounding in fraud must be stated "with particularity," which requires allegations as to the "[1] time, [2] place, [3] contents of the false representations, as well as the [4] identity of the person making the misrepresentations and [5] what he obtained thereby." *Gonzalez v. State Farm Lloyds*, 326 F. Supp. 3d 346, 350 (S.D. Tex. 2017) (citing *Benchmark Elec., Inc., v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003)).

Plaintiff fails to allege facts on several of the elements. For instance, he does not identify when the alleged misrepresentations were made or the specific contents of the alleged misrepresentations. As to the timing of the alleged misrepresentations, Plaintiff alleges merely that he purchased the Teeter after "he came across promotions through television advertisement regarding a Teeter machine."[14] While Plaintiff alleges he purchased the Teeter on or about October 22, 2019,[15] he does not allege a date or even any timeframe when he heard the allegedly actionable statements.

Plaintiff also fails to allege the contents of the alleged misrepresentations. Plaintiff instead alleges Defendant's advertisements and promotions *led him to believe* that the product was "easy to use" and that he simply had to "clamp his/her

---

[14]     *Id.* ¶ 7.

[15]     *Id.* ¶ 9.

6

legs into cuffs, and invert himself/herself upside down," until he was ready to come back up, at which point he would "press a button on a lever to release the clamp, and come off the equipment."[16] Plaintiff's allegations about his own impressions are insufficient to state a claim under the DTPA.

Defendant complains that Plaintiff does not allege the identity of the person that made the alleged misrepresentations. Plaintiff states that he "came across promotions through a television advertisement regarding a Teeter machine."[17] The Court finds that the Petition's allegations in regard to the speaker's identity are sparse but, read as a whole, it is apparent that Plaintiff claims that Defendant or a person on Defendant's behalf made the statements in a television advertisement. This puts Defendant on notice, although, as explained above, more information on the when and where of the advertisement is necessary.

In sum, the DTPA allegations are largely insufficient. Plaintiff nevertheless will be given an opportunity replead and must allege more factual detail about the contents of Defendant's alleged deceptions, when Defendant allegedly made the identified misrepresentations, and provide other detailed information. Plaintiff does

---

16     *Id.* ¶¶ 7-8.

17     *Id.* ¶ 7.

7

not satisfy the heightened pleading requirement for this claim. Plaintiff's DTPA claim based on misrepresentation is dismissed.

### 2. DTPA Breach of Warranty Claim

Plaintiff also brings claims under § 17.50(a)(3) of the DTPA, which allows a consumer to bring an action for breach of an express or implied warranty.

#### a. Claim for Breach of an Express Warranty

An express warranty does not solely arise out of conditions imposed by contract, rather express warranties can be created by: (1) "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain," (2) "[a]ny description of the goods which is made part of the basis of the bargain," or (3) "[a]ny sample or model which is made part of the basis of the bargain." TEXAS BUS. & COM. CODE § 2.313(a)(3). Here, Plaintiff alleges that Defendant's "advertisements and promotions" created an express warranty as to the functionality and ease of use of the Teeter.[18] Plaintiff alleges that Defendant breached that express warranty when the Teeter did not unlatch and left Plaintiff suspended on the device for over two hours.[19] The Petition lacks specific factual allegations about the affirmations of fact or promises Defendant made

---

[18] *Id.* ¶¶ 8, 20. The lack of precision is compounded by the fact that Plaintiff pleads that "[t]he advertisements and promotions made the product seem easy to use . . ." but does not describe anything about the "promotions." *Id.* ¶8.

[19] *Id.* ¶ 11.

through the "promotions and advertisements" and fails to identify the specific model of Teeter that Plaintiff purchased.

Plaintiff's allegation that Defendant made an affirmation that the Teeter was "easy to use" amounts to mere opinion. It does not give rise to a warranty. TEX. BUS. & COM. CODE § 2.313(b) (a seller's "affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty."); *Giovinale v. JP Morgan Chase Bank, N.A.*, No. CV H-16-986, 2017 WL 3535440, at *3 (S.D. Tex. Aug. 17, 2017) (finding statement that a promise to services of the "highest quality" was vague or a mere opinion and did not give rise to an express warranty under common law or statute).

Plaintiff has failed to meet his burden to allege facts showing the statements in the advertisement constitute an express warranty and this claim is dismissed.

### b.     Breach of an Implied Warranty

Plaintiff also asserts a DTPA violation for breach of the implied warranty of merchantability. "[A] warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." TEXAS BUS. & COM. CODE § 2.314. For goods to breach the implied warranty of merchantability, they must be "unfit for the ordinary purposes for which they are used because of a lack of something necessary for adequacy." *GMC v. Brewer*, 966 S.W.2d 56, 57 (Tex. 1998).

Plaintiff merely alleges he purchased a Teeter designed and manufactured by Defendant.[20] Plaintiff does not allege that he bought the Teeter in issue from Defendant. Nor does he allege that Defendant was a merchant with respect to goods of that kind. Plaintiff fails to state a claim for breach of implied warranty.

### B. Claim for Common Law Fraud

Plaintiff also brings a claim for common law fraud. Under Texas law, "a plaintiff seeking to prevail on a fraud claim must prove that (1) the defendant made a material misrepresentation; (2) the defendant knew the representation was false or made the representation recklessly without any knowledge of its truth; (3) the defendant made the representation with the intent that the other party would act on that representation or intended to induce the party's reliance on the representation; and (4) the plaintiff suffered an injury by actively and justifiably relying on that representation." *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 217 (Tex. 2011).

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud . . . a party must state with particularity the circumstances constituting fraud." The Fifth Circuit has interpreted Rule 9(b) to require that a plaintiff allege the particulars of "time, place, and contents of the false representations, as well as the identity of the

---

[20] *Id.* ¶ 9.

person making the representation and what [that person] obtained thereby." *Williams v. WMX Techs.* 112 F.3d 175, 177 (5th Cir. 1997).

For the same reasons Plaintiff fails to state a misrepresentation claim under the DTPA, Plaintiff fails to state a claim for common law fraud. Plaintiff has failed to plead sufficient facts regarding the contents of the false representations, where the representations were made, and when they were made.

### C. Claim for Unjust Enrichment

Plaintiff also brings a claim against Defendant for unjust enrichment. "A plaintiff may recover under an unjust enrichment theory 'when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage.'" *McGowan & Co. v. Bogan*, 93 F. Supp. 3d 624, 652 (S.D. Tex. 2015) (quoting *Sullivan v. Leor Energy, LLC,* 600 F.3d 542, 550 (5th Cir. 2010)). However, "[i]n Texas, unjust enrichment is based on quasi-contract and is unavailable when a valid, express contract governing the subject matter of the dispute exists." *Id.* (citing *Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449, 454 (5th Cir. 2001)). "A party can plead legal and equitable claims in the alternative, but only when one party disputes the existence of a contract governing the dispute." *Johnson v. Wells Fargo Bank, NA*, 999 F. Supp. 2d 919, 929 (N.D. Tex. 2014).

Here, Defendant correctly points out that Plaintiff does not state a claim for unjust enrichment if there is a valid and undisputed express contract between the

11

parties. Plaintiff has failed to plead from whom he obtained the Teeter he purchased. If he bought the item directly from Defendant and there is an express contract between the two parties, Plaintiff cannot state a claim for unjust enrichment. Plaintiff cannot state a viable claim for unjust enrichment unless he has facts to support an allegation that there is no valid, express contract governing this dispute.

### D. Common Law Negligence and Negligence Theory for Products Liability Claims

Plaintiff purports to assert a common law negligence claim. To recover under a theory of negligence, a plaintiff must show "(1) the existence of a duty on the part of one party to another; (2) the breach of that duty; and (3) the injury to the person to whom the duty is owed as a proximate result of the breach." *Romo v. Ford Motor Co.*, 798 F. Supp. 2d 798, 807 (S.D. Tex. 2011) (citing *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 536 (Tex. 1975)).

It appears that Plaintiff intends also to assert a theory of negligence in his product liability claim.[21] "A plaintiff must establish the following elements to sustain a negligence claim against a manufacturer: (1) the manufacturer owed a duty to the plaintiff; (2) the manufacturer breached that duty; (3) the plaintiff was injured; and (4) the breach of duty was a proximate cause of the injury." *Syrie v. Knoll*

---

[21] In any products liability action, the plaintiff may proceed on a strict liability theory, negligence theory, warranty theory, or any combination of these theories. TEX. BUS. & COM. CODE § 82.001(2).

*Intern.*, 748 F.2d 304, 309 (5th Cir. 1984). "The care taken by the supplier of a product in its preparation, manufacture, or sale . . . is . . . the ultimate question in a negligence action." *Gonzales v. Caterpillar Tractor Co.*, 571 S.W.2d 867, 871 (Tex. 1978). In a products liability context, "[n]egligence looks at the act of the manufacturer and determines if it exercised ordinary care in design and production." *Syrie*, 748 F.2d at 307. "Both negligent manufacturing and negligent design require a showing of dangerous product." *Kallassy v. Cirrus Design Corp.*, 2006 WL 1489248, at *3 (N.D. Tex. 2006) (citing Restatement (Second) of Torts § 395). "The issue in a negligent failure to warn case becomes whether a reasonably prudent person in the position of the defendants would warn of all hazards associated with the products." *Munoz v. Gulf Oil Co.*, 732 S.W.2d 62, 65 (Tex. App.—Houston [14th Dist.] 1987). The adequacy of a warning is a question of fact for the jury, but the existence of a duty to warn is a question of law. *Id.* (citing *Alm v. Aluminum Co. of Am.*, 717 S.W.2d 588, 592 (Tex. 1986).

While Plaintiff's superficial factual allegations arguably pass muster for a common law negligence claim, his allegations are insufficient to put Defendant on notice of the products liability theories he intends to advance. Plaintiff merely parrots the elements of strict products liability causes of action. Plaintiff must state specifically what conduct by Defendant Plaintiff claims is negligent to give Defendant notice of negligent conduct that amounts to a products liability violation.

13

### E. Strict Products Liability Claims

Plaintiff's Petition includes allegations that parrot elements of strict products liability claims, Plaintiff claims in his Opposition to Defendant's Motion, however, that he does not intend to bring claims under strict products liability theories.[22] Plaintiff accordingly appears to abandon those claims and thus the Court will not discuss their deficiencies.

## IV. CONCLUSION

For all the reasons set forth above, it is hereby

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 8] is **GRANTED** with respect to Plaintiff's DTPA claims, fraud claim, unjust enrichment claim, and products liability claims. Defendant's Motion is **DENIED** with respect to Plaintiff's common law negligence claim. It is further

**ORDERED** that Plaintiff's claims for violations of the DTPA, fraud, unjust enrichment, and products liability claims are **dismissed without prejudice**. It is further

**ORDERED** that Plaintiff is **GRANTED** leave to file an amended complaint insofar as he is able to allege facts and legal theories supportable under prevailing law. *See* FED. R. CIV. P. 11. It is further

---

[22] Plaintiff's Opposition ¶¶ 39-45.

**ORDERED** that the deadline for Plaintiff to file an amended complaint is **August 19, 2020.**

SIGNED at Houston, Texas, this 30th day of **July, 2020.**

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE